**LAESON v. BURNETT, District Director, Immigration Service.**

**No. 7282.**

Circuit Court of Appeals, Ninth Circuit.

April 30, 1934.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and M. G. Gallaher, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus and remanding Paul S. Laeson to the custody of the immigration authorities for deportation.

Appellant is a subject of Yugoslavia, 33 years of age, and claims he first came to the United States in the spring of 1914 or 1915 on the steamship Constantine and that he was at that time regularly admitted through Ellis Island for permanent residence in the United States. He claims to have resided continuously in the United States since his original entry, but admits that he made a short trip into Canada on September 28, 1925. Appellant was ordered deported by order of the Secretary of Labor dated October 26, 1932, for the reason that the said appellant "landed at the port of Niagara Falls, N. Y., on or about the 28th day of September, 1925, has been found in the United States in violation of the immigration act of 1924, in that at the time of his entry he was not in possession of an unexpired immigration visa."

It is conceded that, if petitioner had previously lawfully entered the United States and was residing therein, he was not required to have an immigration visa upon re-entry from a temporary absence in Canada. 8 USCA § 213 (b), section 13 (b) of the Immigration Act of 1924; Executive Order No. 4125 promulgated January 12, 1925, subd. F, rule 3, Immigration Rules of July 1, 1925.

Appellant relies upon two specifications of error, the first, that the court erred in holding that appellant did not have an original legal entry into the United States in 1914 or 1915, thereby entitling him to return from a temporary visit to Canada in 1925 without a visa; and, second, that the court erred in holding that appellant was not entitled to be registered under the provisions of 8 USCA §§ 106a, 106b, 106c (45 Stat. 1512).

It will be noted that, in order to register under 8 USCA § 106a et seq., it is necessary that the applicant shall have been lawfully within the United States; therefore his previous lawful entry is the only point in the case.

The Registration Act mentioned was passed March 2, 1929, at which time appellant made application to register thereunder. Registration was denied him because the Commissioner of Labor held that he was not a person of good moral character, because he had attempted to smuggle an alien into the United States when he returned from a temporary visit to Canada in 1925. Deportation proceedings were instituted because of his entry without a visa after a temporary visit to Canada in 1925. As stated above, appellant claims to have landed in the United States in the spring of 1914 or 1915. The Commissioner of Immigration has been unable to verify his claimed entry, although search was made for his name or names at Ellis Island, notwithstanding the fact that the records covering the arrival of aliens at New York at the time of appellant's claimed

entry are complete and indexed. There is evidence of petitioner's residence in New York as early as 1915, of his maintaining a bank account as early as January, 1916, at Rochester, N. Y., in the name of Suter Spase, and that his residence has been in New York since he was 15 or 16 years of age, but no evidence as to his lawful entry, other than his own testimony. It is admitted that appellant made a temporary visit of one day into Canada from Buffalo, N. Y., where he then resided, on September 28, 1925. He claims he was not required to present an unexpired immigration visa to return to the United States, which would be true if he had previously lawfully entered into the United States. The burden is upon appellant to prove that he lawfully entered into the United States (8 USCA § 221, section 23, Immigration Act of 1924). This the Commissioner finds he has failed to do.

At the time the petitioner applied for registration under the act of 1929 he was subject to deportation because of his last entry (1925) without an immigration visa which was required if his original entry was unlawful; hence the refusal of registration was proper and the registration law is of no assistance to the petitioner in his attempt to avoid the warrant of deportation.

Order affirmed.